NO.
12-05-00347-CR

 

                     IN THE COURT
OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

SAMUEL
ANTONIO SUTTON,                      '                 APPEAL
FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       '                 SMITH
COUNTY, TEXAS

                                                                     
                                                                                      

                                                      MEMORANDUM
OPINION

Appellant
Samuel Antonio Sutton was convicted of aggravated assault with a deadly weapon,
a second degree felony.  In two issues,
Appellant contends that the trial court erred when it overruled his objection
to the State=s use of
peremptory strikes and that the evidence was factually insufficient to sustain
his conviction.  The State did not file a
brief.  We affirm.

 

                                                               Background

Chris
Bartlett worked as a security manager, a bouncer, for a nightclub in Smith
County called Outlaws.  One night in July
2004, he was called upon to remove a man from the club.  The man, later identified as Appellant, did
not go willingly and hit Bartlett with his fist and then with a glass
bottle.  With the assistance of Joel
Hagler, another bouncer for Outlaws, Bartlett was eventually able to remove
Appellant from the premises.  Bartlett
had cuts, scratches, and bruises on his right arm and face after the incident.








A
Smith County grand jury indicted Appellant for the felony offense of aggravated
assault with a deadly weapon.  Appellant
pleaded not guilty.  During jury
selection, Appellant objected to the State=s
use of its peremptory challenges pursuant to Batson v. Kentucky,
476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).  After a hearing, the trial court overruled
the motion, and the case proceeded to trial. 
The jury found Appellant guilty as charged and assessed punishment at
eighteen years of imprisonment.  This
appeal followed.

 

Batson Motion

In
his first issue, Appellant contends that the trial court erred in denying his Batson
motion.  Specifically, Appellant alleges
that the State engaged in purposeful discrimination when it used its peremptory
challenges to excuse the two remaining AfricanBAmerican
individuals from the venire. 

Applicable
Law 








The
Equal Protection Clause of the Fourteenth Amendment to the United States
Constitution forbids a prosecutor from challenging potential jurors solely on
the basis of their race.  U.S. Const.
Amend. XIV; Batson, 476 U.S. at 89, 106 S. Ct. at 1719.[1]  A defendant who makes a Batson challenge
must first make a prima facie showing that the prosecutor has used a peremptory
challenge to remove a potential juror on account of race.  Purkett v. Elem, 514 U.S. 765,
767, 115 S. Ct. 1769, 1770, 131 L. Ed. 2d 834 (1995).  A defendant may establish a prima facie case
solely on evidence concerning the prosecutor=s
exercise of peremptory challenges at trial. 
Batson, 476 U.S. at 96, 106 S. Ct. at 1723.  To establish such a case, the defendant first
must show that he is a member of a cognizable racial group and that the
prosecutor has exercised peremptory challenges to remove from the venire
members of the defendant=s
race.  Id.[2]  He must also show that these facts and any
other relevant circumstances raise an inference that the prosecutor used that
practice to exclude the veniremen from the petit jury on account of their
race.  Id.   

Once
the defendant has made a prima facie showing, the burden shifts to the state to
come forward with a race neutral explanation for challenging the jurors.  Batson, 476 U.S. at 97-98, 106
S. Ct. 1723-24.  If the state offers race
neutral reasons for the strikes, the defendant is afforded the opportunity to
rebut those explanations.  Shuffield
v. State, 189 S.W.3d 782, 785 (Tex. Crim. App. 2006).  The defendant carries the burden to prove
purposeful discrimination.  Id.


Although
a prima facie case of discrimination can be supported by the differential of
strikes made by the prosecution among various races and ethnic groups, the
critical step in the analysis of a Batson challenge is the
prosecutor=s reason
for any disparate striking of potential jurors based on similar responses to
questions posed to the venire panel.  See
MillerBEl
v. Dretke, 545 U.S. 231, 125 S. Ct. 2317, 2325, 162 L. Ed. 2d 196
(2005) (AIf a
prosecutor=s
proffered reason for striking a black panelist applies just as well to an
otherwiseBsimilar
nonblack who is permitted to serve, that is evidence tending to prove
purposeful discrimination to be considered at Batson=s third step.@).  The credibility of the prosecutor=s reasons for disparate striking of
jurors can be measured by Athe
prosecutor=s
demeanor; by how reasonable, or how improbable, the explanations are; and by
whether the proffered rationale has some basis in accepted trial strategy.@ 
MillerBEl
v. Cockrell, 537 U.S. 322, 339, 123 S. Ct. 1029, 1040, 154 L. Ed. 2d
931 (2003). 

We
will only disturb a trial court=s
ruling on a Batson motion if it is Aclearly
erroneous.@  Guzman v. State, 85 S.W.3d 242, 254
(Tex. Crim. App. 2002).  Generally, a
fact finder=s
decision is clearly erroneous when it leaves an appellate court with a Adefinite and firm conviction that a
mistake has been committed.@
 Id. (citing United
States v. Fernandez, 887 F.2d 564, 567 (5th Cir. 1989)).  The clearly erroneous standard is an
especially rigorous one where the findings are based primarily on oral
testimony and the trial judge has viewed the demeanor of the witnesses.  Fernandez, 887 F.2d at 567;
see also Alexander v. State, 866 S.W.2d 1, 8 (Tex. Crim. App. 1993).








We
review the evidence in the light most favorable to the trial court=s ruling and afford great deference to
that ruling.  Jasper v. State,
61 S.W.3d 413, 422 (Tex. Crim. App. 2001). 
Furthermore, a claim that the proffered race neutral reasons for strikes
are pretextual presents a question of fact, not law, and the trial court is in
the best position to evaluate such claims. 
Gibson v. State, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004).

Analysis

At
trial, Appellant objected that the State had struck the only two remaining
AfricanBAmerican
members of the prospective jury panel.[3]  The State responded that it had asked every
juror if he or she believed that rehabilitation or punishment was a more
important goal when assessing a sentence. The prosecutor testified under oath
that he had struck every juror who answered Arehabilitation@ and had struck several who answered Ait depends.@  Appellant presented no further evidence or
argument, and the trial court overruled the motion.

Appellant
now argues that the State did not strike all persons who answered Arehabilitation@
or Ait depends@
to the rehabilitation/punishment question. 
Without identifying the individuals, Appellant claims that at least
three such persons were not struck by the State.  A careful review of the record, however,
demonstrates that Appellant=s
arguments are misplaced.  Six venire
persons answered Arehabilitation,@ and five answered Ait depends@
or AI don=t
know.@  Of those eleven jurors, four were struck for
cause and six were struck by the State. 
The final equivocating juror did not serve on the jury, but we cannot
determine from the record whether he was struck, not reached, or otherwise
excused.  

A
juror=s statement
that rehabilitation should be the most important goal in assessing a sentence
is a facially race neutral reason for the use of a peremptory challenge.  See Victor v. State, 995
S.W.2d 216, 222 (Tex. App.BHouston
[14th Dist.] 1999, pet. ref=d)
(citing Adanandus v. State, 866 S.W.2d 210, 224-25 (Tex. Crim.
App. 1993)).  Therefore, there was no
discriminatory intent inherent in the reasons the State offered for its
strikes, and its explanation was not undercut by an inconsistent application of
a stated reason for its strikes. 
Consequently, the burden of persuasion shifted back to Appellant to
prove purposeful discrimination.  See
Shuffield, 189 S.W.3d at 785.








Having
reviewed the entire record, we conclude the court=s
decision to overrule Appellant=s
Batson motion was not clearly erroneous.  Even if a prima facie case of racial
discrimination were established, the State provided race neutral explanations
for its use of peremptory challenges, and Appellant failed to carry his burden
of persuasion on the issue.  Yarborough
v. State, 983 S.W.2d 352, 357 (Tex. App.BFort
Worth 1998, no pet.) (In the absence of Aevidence
in the record to rebut the State=s
raceBneutral
explanation, we will not disturb the trial court=s
finding that the State=s
explanation was legitimate.@).  We overrule Appellant=s
first issue.

 

                                 Sufficiency
of the Evidence

In
his second issue, Appellant challenges the factual sufficiency of the evidence
to support his conviction.  Appellant
argues that the proof was factually insufficient to prove beyond a reasonable
doubt that he was guilty of aggravated assault.

Applicable
Law

In
reviewing factual sufficiency of the evidence, we must determine whether a
neutral review of the evidence, both for and against the finding, demonstrates
that a rational jury could find guilt beyond a reasonable doubt. Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is
factually sufficient when evidence supporting the verdict, considered by
itself, is too weak to support the finding of guilt beyond a reasonable
doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  A verdict will be set aside Aonly if the evidence supporting guilt
is so obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and manifestly
unjust.@  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002).          

The
jury is the sole judge of the weight and credibility of a witness=s testimony.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). 
Furthermore, the jury may choose to believe all, some, or none of a
witness=s
testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

As
alleged in the indictment, the State was required to prove that Appellant
intentionally, knowingly, or recklessly caused bodily injury to another and, in
so doing, used or exhibited a deadly weapon. 
Tex. Pen. Code Ann. ' 22.02(a)(2) (Vernon Supp. 2006).

 








Analysis

There
was substantial evidence to support the conviction.  First, the complaining witness, Chris
Bartlett, identified Appellant as his attacker, both at trial and in a photo
lineup about a month after the incident. 
Bartlett described his attempt to remove Appellant from the Outlaws
nightclub and told the jury that Appellant hit him in the nose with his fist,
hit him in the head with a glass bottle, and stabbed him in the arm with the
glass bottle after it broke.  Bartlett
testified that Appellant was identified by law enforcement on the day of the
incident and that he had no doubt that Appellant was the person who assaulted
him.  Finally, Bartlett testified that
his injuries from the assault required medical attention.  Similarly, two other eye witnesses testified
that Appellant assaulted Bartlett with his fist or a glass bottle.  Both testified that Appellant was identified
by law enforcement the day of the assault, although only one of them could
later identify Appellant in a photo lineup. 


Deputy
Fabian Arteaga, Lieutenant Larry Wiginton, and Captain Gary Pinkerton all
identified Appellant as the person taken out of Outlaws after one of the
bouncers was assaulted.  Finally, a nurse
with the Trinity Mother Frances Hospital testified that Bartlett required medical
attention for abrasions to his head and arm. 
She testified that Bartlett had some puncture wounds or opening of the
skin. 

Other
facts and circumstances undercut the State=s
evidence.  There was confusion about the
date of the assault.  All three civilian
eye witnesses testified that the assault occurred on Tuesday, July 6,
2004.  But Arteaga, Wiginton, and
Pinkerton testified that the assault occurred on a Thursday night, and the
nurse testified that Bartlett received medical attention on July 2, 2004.  

Also,
Appellant testified on his own behalf. 
He testified that he never hit Bartlett and that he had never seen
Bartlett prior to appearing in the courtroom for the trial.  According to Appellant, the first time he
went to Outlaws was on July 29, 2004.  A
fight did occur on that day, he testified, but he claimed that he was not
involved.  Finally, Appellant testified
that he was six feet tall and weighed 230 pounds in July of 2004.  On the date of the assault, the assailant had
been identified as 5'7" tall and weighing 160 pounds.








Appellant
also presented testimony from Reginald Fonza and Delbert Kincade.  Fonza testified that he was involved in a
fight at Outlaws on July 29, 2004 and that he was arrested that night.  According to Fonza, that incident did not
involve a glass bottle.  Fonza testified
that Appellant was at Outlaws on July 29, 2004. 
Fonza also testified that he was 5'7" tall and weighed 150 to160
pounds when he was arrested.  Kincade
testified that he saw Appellant at Outlaws on July 29, 2004 and that Fonza
was arrested on that day for an assault. 

Despite
the evidence that is contrary to the verdict, our review of the record as a
whole does not cause us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant=s
conviction clearly wrong or manifestly unjust. 
The jury=s
resolution of the conflicting evidence was reasonable, and we hold that the
evidence is factually sufficient to support the jury=s
verdict.  We overrule Appellant=s second issue.

 

Conclusion

Having
overruled Appellant=s two
issues, the judgment of the trial court is affirmed.

 

 

    BRIAN HOYLE   

   Justice

 

 

 

 

Opinion delivered September 29,
2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

                                                            (DO
NOT PUBLISH)











[1]
The Texas Legislature codified the Batson
rule in Article 35.261 of the Texas Code of Criminal Procedure, but Appellant
does not present a specific claim under that article.

 





[2]
In Batson the Supreme Court
reaffirmed that racial discrimination in the use of peremptory challenges
denied a defendant the equal protection of the law guaranteed by the U.S.
Constitution.  Batson, 476
U.S. at 85, 106 S. Ct. at 1716.  Since
that time, the issue of discrimination in the use of peremptory strikes has
also come to be understood in terms of a denial of the equal protection rights
of prospective jurors.  See Powers
v. Ohio, 499 U.S. 400, 409B411, 111
S. Ct. 1364, 1370-71, 113 L. Ed. 411 (1991). 
In Powers the Supreme Court held that an individual
defendant had standing to complain of this type of a violation, and so the
requirement that the defendant be of the same cognizable racial group as the
juror was removed.  Id. 499
U.S. at 415B16, 111 S. Ct. at 1373B74.  Furthermore, the cognizability of
discrimination in the jury selection process has been extended to categories
beyond race.  See, e.g., Guzman
v. State, 85 S.W.3d 242, 245‑46 (Tex. Crim. App. 2002)
(recognizing that ABatson@ claim
may be brought to challenge discriminatory exclusion of jurors on the basis of
gender or ethnicity.)  Because Appellant
brings only a claim under Batson and because he and the jurors
who were struck are of the same cognizable racial group, we decide this case
using the Batson standards.





[3] It is difficult to follow Appellant=s argument because the attorneys and the trial court
sometimes identify jurors by name and sometimes by juror number.  The record does not contain a jury list.